IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| T.S.H., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 19-06059-CV-SJ-ODS |
| | ) |
| NORTHWEST MISSOURI STATE | ) |
| UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

<u>ORDER PERMITTING PLAINTIFFS TO PROCEED
WITH MATTER UNDER THEIR INITIALS</u>

In September 2019, the Court noted at least one plaintiff in this matter was an adult and directed Plaintiffs to show cause why H.R.J. should not be substituted for M.J., who was appointed as Next Friend, and why Plaintiffs' identities should be confidential. In response to the Court's Order, Plaintiffs do not contest that T.S.H. is an adult, and they agree that, upon H.R.J.'s eighteenth birthday in October 2019, H.R.J. will be substituted for M.J. Doc. #33, at 1. However, Plaintiffs ask that their identities remain confidential.

**I.  BACKGROUND**

To provide context for the issue before the Court, some background is necessary. In June 2016, T.S.H. and H.R.J., then juveniles, participated in a high school football camp held on NWMSU's campus. At the same time, NWMSU hosted a high school cheerleading camp. A female cheerleading coach reported that while undressing in her room, which did not have window coverings, she saw individuals looking at her from another dormitory. She thought she saw a phone, but it is unclear if she saw anyone take a photograph.

According to Plaintiffs, NWMSU directed the investigation into her report. Plaintiffs' high school football coach was directed to gather his players (all juveniles) in a room and question them until one of them confessed to photographing the

complainant.  The players were informed they were being investigated by NWMSU police for the commission of an alleged crime.  They were questioned for hours and complied with requests to reveal photographs on their cell phones.  No one confessed, and the juveniles were expelled from camp.  In NWMSU police's Offense Report, Plaintiffs' names were listed and made publicly available.

In March 2019, Plaintiffs filed a lawsuit in the Circuit Court of Nodaway County against NWMSU and two individuals.  Doc. #1-1, at 3-13.  The state court granted M.J.'s motion to be appointed as H.R.J.'s Next Friend and granted Plaintiffs' request to keep their identities confidential "until further action of this Court."  Doc. #1-1, at 24-25.  In May 2019, Defendants removed the matter to this Court.  Doc. #1.  The Court recently issued its decision on Defendants' motion to dismiss.  Doc. #32.

## II. DISCUSSION

Plaintiffs argue their identities should be confidential because they are "attempting to preserve the confidentiality of police records pertaining to suspected juvenile offenses."  Doc. #33, at 1.  They claim "Defendants were required by state and federal law to maintain the confidentiality of any records" because NWMSU's investigation involved minors.  *Id.* at 2.  Among other things, Plaintiffs seek to expunge "their names from any public record associated with the investigation."  *Id.*  They argue "[i]t would defeat the purpose of seeking the preservation of all remaining confidentiality of these juvenile records if [they] had to now reveal their identities by disclosing their names in the caption of this lawsuit."  *Id.* at 3.

The Federal Rules of Civil Procedure require the caption of a complaint include the names of all parties.  Fed. R. Civ. P. 10.  Moreover, "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  Courts have expressed their general disapproval of parties proceeding anonymously or by initials because, as the Seventh Circuit aptly stated, "anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes."  *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016).  However, this Court has discretion to allow a party to proceed anonymously or by initials in limited circumstances.  *See Plaintiff B v. Francis*,

631 F.3d 1310, 1315-19 (11th Cir. 2011); *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008) (citations omitted); *James v. Jacobson,* 6 F.3d 233, 239 (4th Cir. 1993).

The Eighth Circuit has not articulated guidance on when a plaintiff may proceed anonymously or by his initials, but several other courts have provided direction. As noted by the Eleventh Circuit, "[a] party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B*, 631 F.3d at 1315-16 (citations and internal quotations omitted); *see also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "[T]he court should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 1316 (citations and internal quotations omitted); *see also Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (stating a party may proceed anonymously if he shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.") (citation omitted).

Plaintiff does not cite and the Court was unable to find a case issued by any of the district courts in the Eighth Circuit that is directly on point. The United States District Court for the Eastern District of Missouri has issued several decisions involving parties proceeding anonymously. For example, the Eastern District granted a plaintiff's request to proceed anonymously because she was a disabled person with a legal guardian, was "particularly vulnerable," was the victim of sexual assault, and was a member of a small community. *D.P. v. Montgomery Cty.*, No. 2:19-CV-38, 2019 WL 2437024, at *1 (E.D. Mo. June 11, 2019). In another matter, the Eastern District allowed the plaintiffs to proceed anonymously because the "possible injury to Plaintiffs resulting from public disclosure of their identifies rises above the level of mere embarrassment or harm to reputation." *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *2-4 (E.D. Mo. Apr. 6, 2016); *see also D.B. v. King*, No. 4:09-CV-1869, 2009 WL 4020073, at *1 (E.D. Mo. Nov. 18, 2009) (finding the disclosure of the plaintiff's real name would "prove embarrassing" and "could subject her to unnecessary public scrutiny."); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo.

1999) (granting the plaintiff's request to proceed with his initials to protect the plaintiff from being publicly identified as an individual with AIDS).

In this lawsuit, Plaintiffs allege their rights were violated when Defendants disclosed their identities – even though Plaintiffs were juveniles at the time – "to unauthorized persons and included [their identities] in a public record." Doc. #12, ¶¶ 65-66. As the Court previously noted, federal statute safeguards a juvenile's records "[t]hroughout and upon the competition of [a] juvenile delinquency proceeding," and prohibits public disclosure of the juvenile's name until he is taken into custody and prosecuted as an adult. Doc. #32, at 7 n.4 (citing 18 U.S.C. § 5038). A Missouri statute also protects the confidentiality of juvenile court records. Mo. Rev. Stat. § 211.321.3. At this time, the Court gives Plaintiffs the benefit of the doubt and assumes either or both statutes apply. Assuming they are applicable, revealing Plaintiffs' identities in this lawsuit would defeat the protections afforded to their juvenile records. Accordingly, the Court grants T.S.H.'s and H.R.J.'s request to maintain this lawsuit under their initials. If, however, the Court later finds these protections are inapplicable, Plaintiffs will not be permitted to maintain this lawsuit under their initials.

### III.   CONCLUSION

For the foregoing reasons, only Plaintiffs' initials shall be used to identify them in all filings in this matter unless and until ordered otherwise.
IT IS SO ORDERED.

DATE:  October 8, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT