IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| T.S.H., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 19-06059-CV-SJ-ODS |
| ) | |
| NORTHWEST MISSOURI STATE ) | |
| UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER (1) GRANTING DEFENDANTS' REQUEST TO STAY THE MATTER,
(2) CANCELLING THE PRETRIAL CONFERENCE AND TRIAL SETTING,
AND (3) DIRECTING THE PARTIES TO FILE A PROPOSED SCHEDULING
ORDER WITHIN FOURTEEN DAYS OF THE EIGHTH CIRCUIT'S MANDATE</u>

On September 23, 2019, the Court denied Defendants Northwest Missouri State University, Anthony Williams, and Clarence Green's motion to dismiss Plaintiffs' claims. Doc. #32. Among other things, the Court denied Williams and Green's request to dismiss claims under 42 U.S.C. § 1983 on the basis of qualified immunity. On October 21, 2019, Williams and Green appealed the Court's decision on qualified immunity. Doc. #36. Their appeal remains pending.

Pursuant to the Court's Scheduling and Trial Order, pretrial discovery was to be completed by December 28, 2019, and dispositive motions were to be filed by January 17, 2020. Doc. #23. On January 17, 2020, Defendants filed a Motion to Extend Deadlines in Scheduling Order until Conclusion of Interlocutory Appeal. Doc. #41. Therein, Defendants state the parties have not engaged in discovery, and although they concede an interlocutory appeal does not automatically stay this matter, they argue, due to the nature of the allegations, further proceedings are impractical while the appeal is pending. They move to extend all deadlines until the Eighth Circuit issues a decision.

On January 31, 2020, Plaintiffs responded to Defendants' motion, stating they did not object to a reasonable extension but did not believe all discovery should be delayed. Doc. #42. They represent the parties agree some discovery could proceed while the appeal is pending. But Defendants contend discovery depositions of Green and

Williams should not take place until after the Eighth Circuit issues its ruling. And Plaintiffs, in turn, maintain Defendants should not get to depose Green and Williams.

The Court construes Defendants' motion for extension of time as a request to stay this matter pending disposition of the pending appeal. A notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. "[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2040 (3d ed. 2018).

Although many aspects of this matter have not been appealed, Plaintiffs' allegations revolve around the conduct of Green and Williams. Thus, the Court finds that staying this matter pending the Eighth Circuit's disposition of the pending appeal conserves the parties' and judicial resources. Thus, the Court grants Defendants' request to stay this matter. The Court cancels the pretrial conference (scheduled for May 14, 2020) and the jury trial (scheduled to begin on July 6, 2020). By no later than fourteen days after the Eighth Circuit issues its mandate in the pending appeal, the parties shall file a joint proposed scheduling order.

IT IS SO ORDERED.

DATE: February 4, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT